**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| SPANISH SPRINGS PILOTS ASSOCIATION, INC., a Nevada non-profit corporation,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>UNITED STATES DEPARTMENT OF THE INTERIOR, BUREAU OF LAND MANAGEMENT,<br><br>　　　　　Defendant.<br>_____ | 3:06-CV-00172-BES-RAM<br><br>**ORDER** |

　　　　On September 19, 2007, this Court granted summary judgment in favor of Defendant United States Department of the Interior, Bureau of Land Management ("BLM") and entered an Order (#33) and Judgment (#34) requiring Plaintiff Spanish Springs Pilots Association ("SSPA") to pay a rent increase to the BLM for use of the property SSPA leases from BLM for SSPA's airport strip. Plaintiff filed its notice of appeal on October 8, 2007, then filed a Motion for Stay Pending Appeal (#39), seeking a stay of execution on the judgment. The Court denied the motion for stay in an Order (#42) dated November 5, 2007.

　　　　Plaintiff has now filed a Motion for Injunction Pending Appeal (#43), seeking an injunction to prevent the BLM from collecting rent and interest, and to prevent the BLM from terminating the lease for SSPA's non-payment of the increased rent. The BLM filed an Opposition (#44) and SSPA filed a Reply (#41).

///

///

# I. ANALYSIS

Generally, once a notice of appeal is filed, the district court is divested of jurisdiction over the matters being appealed. Natural Resources Defense Council, Inc. v. Southwest Marine Inc., 242 F.3d 1163, 1166 (9th Cir. 2001). However, an exception exists under Rule 62(c) to "suspend, modify, restore, or grant an injunction" while an appeal is pending to "secure the opposing party's rights." Fed.R.Civ.P. 62(c); see Mayweathers v. Newland, 258 F.3d 930, 935 (9th Cir. 2001).[1] In deciding whether to grant an injunction pending appeal, courts apply the same standard used for considering a motion for a preliminary injunction. Tribal Village of Akutan v. Hodel, 859 F.2d 662, 663 (9th Cir. 1988). In the Ninth Circuit, a district court may grant a preliminary injunction if one of two sets of criteria is met. Natural Resources Defense Council, Inc. v. Winter, 518 F.3d 658, 677 (9th Cir. 2008). Under the traditional criteria, a plaintiff must show "(1) a strong likelihood of success on the merits, (2) the possibility of irreparable injury to plaintiff if preliminary relief is not granted, (3) a balance of hardships favoring the plaintiff, and (4) advancement of the public interest (in certain cases)." Id. (quoting Earth Island Inst. v. United States Forest Serv., 351 F.3d 1291, 1297 (9th Cir. 2003)). "Alternatively, a court may grant the injunction if the plaintiff demonstrates *either* a combination of probable success on the merits and the possibility of irreparable injury or that serious questions are raised and the balance of hardships tips sharply in his favor." Id. (citing Freecycle Network, Inc. v. Oey, 505 F.3d 898, 902 (9th Cir. 2007)). "[U]nder either criteria, where a plaintiff fails to even raise serious questions about its likelihood of success, an injunction may not issue." Freecycle Network, 505 F.3d at 902; see also Global Horizons, Inc. v. United States Dept. of Labor, 510 F.3d 1054, 1058 (9th Cir. 2007).

Plaintiff argues that an injunction pending its appeal of the Court's September 19, 2007 Order is appropriate because it has "raise[d] serious legal questions through this appeal" and "the balance of hardships tips sharply in favor of the Pilots Association and against the BLM."

---

[1] Plaintiff seeks an injunction pending appeal pursuant to Federal Rule of Appellate Procedure 8(a). However, a motion for injunction pending appeal under FRAP 8(a) is made to the court of appeals or to one of its judges, although such a motion must "state that, a motion having been made, the district court denied the motion or failed to afford the relief requested." Fed.R.App.P. 8(a)(2).

(Motion (#43), pp. 3-4). In describing the relative hardships to the parties, Plaintiff claims that the additional rent amount due to the BLM "represents a huge sum to the plaintiff, and an insignificant amount to the U.S. government." (Id., p. 4). However, the BLM contends, and the Court agrees, that the balance of hardships tips in its favor because it continues to suffer economic loss while Plaintiff occupies BLM land without paying the rent due under the lease. Moreover, Plaintiff has not sufficiently demonstrated that the BLM's hardships are outweighed by any serious questions about the SSPA's likelihood of success on appeal. "[S]erious questions refers to questions which cannot be resolved one way or the other" and must involve a "fair chance of success on the merits." See Philippines v. Marcos, 862 F.2d 1355, 1362 (9th Cir. 1988). At an "irreducible minimum," the party requesting injunctive relief must demonstrate "a fair chance of success on the merits" or "questions . . . serious enough to require litigation." See Sports Form, Inc. v. United Press Int'l, Inc., 686 F.2d 750, 753 (9th Cir. 1982).

While this Court cannot predict how the Court of Appeals will eventually rule, Plaintiff has not specified any factual error or rationale for concluding that this Court's determination was incorrect and that serious questions exist. Accordingly, the Court declines to enter an injunction pending appeal.

### III. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's Motion for Injunction Pending Appeal (#43) is DENIED.

DATED: This 19th day of May, 2008.

_____
UNITED STATES DISTRICT JUDGE